**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DERRICK D. EVANS and <br> FATIMAH M. EVANS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23 C 14686 <br> ) <br> ) <br> ) <br> ) |

**ORDER DISMISSING PLAINTIFFS' COMPLAINT**

  Derrick Evans and Fatimah Evans have sued the City of Chicago, a number of named and unnamed Chicago police officers, and others under 42 U.S.C. § 1983, alleging violations of their constitutional rights in connection with events occurring on June 5, 2022 and thereafter. The plaintiffs' claims appear to include unlawful entry, destruction of property, unlawful searches, false arrest and unlawful detention, excessive force, and other allegations. The Court grants both plaintiffs' separately- filed applications to proceed in forma pauperis because they have shown they are unable to prepay the filing fee. The Court has also reviewed the plaintiffs' complaint under 28 U.S.C. § 1915(e)(2) to determine if it, or any of the claims it contains, is frivolous or fails to state a claim upon which relief may be granted. In making this determination, the Court reads the complaint liberally and takes the plaintiffs' factual allegations as true.

  The Court dismisses all claims against defendants "City of Chicago Law Department," "Chicago Police Department" and "Cook County State's Attorney's Office," as these do not have a separate existence from the City or County and thus are not suable entities. *See, e.g., Courtney v. City of Chicago*, 439 F. App'x 557, 558 (7th Cir. 2011); *Appel v. LaSalle Cnty. State's Att'y Felony Enforcement Unit*, No. 18 C 2439, 2019 WL 4189461, at *3 (N.D. Ill. Sept. 4, 2019). The Court also dismisses all claims against Cook County Sheriff Tom Dart because the complaint contains no allegations regarding any involvement by the Sheriff in any of the matters alleged by plaintiff. In addition, to the extent that plaintiffs intend to assert claims against any individual Cook

County assistant state's attorneys, these claims (and defendants) are dismissed because prosecutors are immune from suit under section 1983 for actions taken in a prosecutorial capacity, which is what plaintiffs allege. *See, e.g., Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

As far as the rest of the complaint, the Court dismisses it, with leave to file an amended complaint. There are two major problems with the complaint in its current form. The first is that, despite naming about a dozen-and-a-half individual police officer defendants, the complaint does not describe what plaintiffs allege each one of the officers did that violated the plaintiffs' rights. Rather, the narrative section of the complaint, with a small handful of exceptions, describes actions by the officers as having been taken by "Sergeant A," "Officer B," "the sheriffs," and so on. This is insufficient. Liability under section 1983 is premised upon personal responsibility. *See, e.g., Hoffman v. Knoebel*, 894 F.3d 836, 841 (7th Cir. 2018). And each defendant is entitled to fair notice of what he or she is claimed to have done. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus plaintiffs must, to the best of their ability, describe what each particular officer did that plaintiffs contend violated their rights.

The second major problem arises from the nature of the narrative section of the complaint itself. It consists of nine of so pages of unnumbered paragraphs, some of them appearing to be allegations by "Derrick" and others by "Fatimah." The apparent switches in who is apparently speaking make the complaint confusing, and the lack of paragraph numbering runs afoul of the requirement of numbered paragraphs set out in Federal Rule of Civil Procedure 10(b). And finally, the complaint does not amount to a "short and plain statement" of the plaintiffs' claims, as required by Federal Rule of Civil Procedure 8(a)(2).

## Conclusion

For the reasons the Court has described, the Court terminates plaintiffs' jointly-filed application to proceed *in forma pauperis* [5], grants their separately-filed applications to proceed *in forma pauperis* [12] [13], and dismisses plaintiffs' complaint, with leave to amend. Plaintiffs are given until January 10, 2023 to file an amended complaint that conforms to the pleading and form requirements of the Federal Rules of

Civil Procedure. If plaintiffs do not file a proper amended complaint by that date, the Court may dismiss their case. Plaintiffs may obtain an amended complaint form from the district court website at the following link: https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/1983AmendedEDForm092007.pdf. Plaintiffs' motion for attorney representation is denied without prejudice to renewal [6].

Date: December 27, 2023

_____
MATTHEW F. KENNELLY
United States District Judge